IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.1:13-cv-22256- KING
MIAMI-CIVIL DIVISION

ANDRES LOSADA, and all other
similarly situated,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

COMES NOW the Plaintiff, ANDRES LOSADA ("LOSADA"), through undersigned counsel, and respectfully moves the Court upon his above-referenced Motion, and in support thereof states:

**BACKGROUND**

1. This is an action stemming from numerous violations of the Fair Credit Reporting Act ("FCRA") by the Defendant in regards to actually or purportedly obtaining credit reports from credit reporting agencies and thereafter taking adverse employment action against employees based thereon. [D.E. 1]

2. The Defendant previously moved to dismiss the Complaint alleging that it failed to state a cause of action. [D.E. 6 ] The Court, after review of the parties' submission and arguments, duly denied Defendant's motion to dismiss and directed that it file an answer within 30 days thereafter. [D.E.11 ]

3. On October 10, 2013, the Defendant finally filed its Answer and Affirmative Defenses. [D.E. 12].

4. However, although labeled as "Affirmative Defenses" the defenses are in fact no such thing; they are in reality noting but redundant denials and/or legal arguments, or lack sufficient factual basis.

5. Prior to seeking to strike the items, the Plaintiff conferred with the Defendant on the matter but was not able to obtain voluntary compliance with the applicable Rules and thus the Defendant would not voluntarily withdraw/modify any of the purported "Affirmative Defenses."

**MEMORANDUM OF LAW**

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule is aimed to narrow and focus the issues, and avoid unnecessary litigation on idle defenses or conclusory allegations devoid of substance.

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.), 846 F.2d 1343, 1349 (11th Cir. 1988). An affirmative defense can be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a

matter of law." Id. (citations omitted). In evaluating the sufficiency of an affirmative defense, the Court should not consider matters beyond the pleadings. Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, No. 09-61490, 2010 U.S. Dist. LEXIS 138384, at *5 (S.D. Fla. Dec. 21, 2010).

Affirmative defenses are also subject to the general pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009).. An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002). Thus, broad affirmative defenses may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004).

## DISCUSSION

The Defendant has listed seven separate paragraphs under the heading "AFFIRMATIVE DEFENSES."

The first two purported affirmative defenses contained under Paragraphs 1 and 2 are nothing more than denials of the factual averments or the Defendant asserting a legal defense based upon purported defect as to Plaintiff's cause of action. Although some courts sometimes treat inappropriately labeled affirmative defenses as merely denials and withhold striking them, as the

Defendant has already denied in its Answer the various factual averments by the Plaintiff, the Defendant's defense is thus nothing more than redundant denials and thus both unnecessary and inappropriate. Moreover, the failure to state a cause of action is not an affirmative defense but must instead be raised by a motion to dismiss– which was previously done and rejected by the Court. In sum, the claim that the complaint purportedly fails to state a cause of action is not an affirmative defense, or otherwise redundant denials, and must thus be stricken.

With regards to its "3"rd Affirmative Defense, the Defendant simply and in a conclusory manner alleges that the "Plaintiff has not and cannot establish any circumstances that could give rise to Punitive Damages." This is, again, not a true affirmative defense but rather a denial; moreover, the contention is devoid of any detailed facts. Accordingly, the "3"rd purported Affirmative Defense must also be stricken.

Next the Defendant purportedly raises an affirmative defense as to the class certification issue by merely stating in a conclusory fashion that the "Plaintiff has failed to meet its burden..." Although the Defendant than purportedly attempts to provide some specificity to its conclusory contention, it merely states (yet in another conclusory manner) that "the Plaintiff has not and cannot assert facts sufficient to show" the pre-requisite for class certification. This is clearly not an Affirmative Defenses but merely a denial of the factual averments of the Complaint. As such, it must be stricken as redundant.

The Defendant than alleges for its "5"th affirmative defense that all actions taken by the Defendant with regards to Plaintiff's employment were based on legitimate business considerations and not based upon any consumer reports as it alleges it did not procure same. Firstly, this contention is not a proper and relevant Affirmative Defense (i.e., admission but avoidance). A true affirmative

defense would have said that the Defendant did obtain a consumer report from various credit reporting agencies but "...." No such allegation is averred. Moreover, even if the decision to terminate Plaintiff's employment were allegedly "based upon legitimate business considerations" the Defendant was still required to initially have obtained written authorization from the Plaintiff to obtain his credit report. Accordingly, no matter how one views it, Defendant's conclusory allegation is simply not a genuine affirmative defense. Secondly, the contention wholly fails to even state what the alleged "legitimate business considerations" were so as to provide Plaintiff with something more than just "bare-bones" conclusory allegations. See Twombly and Ashcroft, *supra*. Accordingly, the Defendant will need to either replead same so as to provide something more than bare bone conclusory allegations, or it must be stricken.

As for its sixth affirmative defense, the Defendant's Affirmative Defense is based upon "collateral source" argument. This affirmative defense as it relates to such things as unemployment compensation and other similar benefit or welfare type payments, is devoid of legal merit- as the collateral source rule[1] precludes reduction of any interim earnings received from such things as unemployment compensations benefits; see, for e.g., NLRB v. Gullett Gin Co., 340 U.S. 361, 71 S.Ct. 337, 95 L.Ed. 337 (1951)(affirming refusal to deduct unemployment compensation from back pay); Brown v. A.J. Gerrard Manufacturing Co., 715 F.2d 1549, 1550 (11th Cir.1983)(adopting the

---

[1] The rationale for a rule that at first glance may appear to provide an inequitable double recovery is that a wrongdoer should not get the benefit of payments that come to the plaintiff from a source collateral to the defendant. See Kauffman v. Sidereal Corp., 695 F.2d 343, 346-47 (9th Cir.1982) (per curiam); EEOC v. Ford Motor Co., 645 F.2d 183, 195-96 (4th Cir.1981), rev'd on other grounds, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721, adhered to original position on remand, 688 F.2d 951, 952 (4thCir.1982) (per curiam) There is no reason why the benefit should be shifted to the defendant, thereby depriving the plaintiff of the advantage it confers. See Kassman v. American University, 546 F.2d 1029, 1034 (D.C.Cir.1976) (per curiam).

rule against deduction for unemployment benefits from a back pay award). Moreover, even if a proper "set-off" affirmative defense is pled outside of the context of the collateral source rule, broad conclusory affirmative defenses without factual detail are subject to being routinely stricken. . See Qarbon.com, Inc., supra. Accordingly, Paragraph 6 of Defendant's Affirmative Defenses must be stricken as either deficient as a matter of law or conclusory in nature.

Lastly, and as to Paragraph 7, although alleged failure to mitigate damages is an allowable affirmative defense, it should nonetheless be stricken as the Defendant failed to state what measures Plaintiff allegedly failed to take to mitigate damages. Rule 8 obligates a Defendant to give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Fed. R. Civ. P. 8(b)(1)(A); see also Bell Atlantic Corp., 127 S.Ct. at 1964. This affirmative defense, does not set forth a "short and plain statement" explaining its factual basis. See *id.* Thus, pursuant to Rule 12(e), Fed. R. Civ. P. 12(e), it is not a proper affirmative defense and must also be stricken.

## CONCLUSION

It is thus respectfully prayed that the Plaintiff's Motion be GRANTED and for the Court to enter such other relief as it deems just and appropriate.

**CERTIFICATE OF SERVICE**

I certify that on October 10, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

> By: s/ Sina Negahbani
> Sina Negahbani, F.B.N. 972673
> Negahbanis@yahoo.com
> LAW OFFICES OF SINA NEGAHBANI
> P.O. Box 566055
> Miami, Florida 33256
> Tel: (305) 595-9078
> Fax: (305) 595-9079
> Counsel for Plaintiff

## SERVICE LIST

**ANDRES LOSADA, v.NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINE**
**Case No. 1:13-cv-22256-JLK**
**United States District Court, Southern District of Florida**

Katie Merwin, Esq.
Katie.Merwin@cslegal.com
Barry Postman, Esq.
Barry.Postman@cslegal.com
Rachel K. Beige, Esq.
Rachel.Beige@cslegal.com
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977
Attorneys for Defendant - Norwegian Cruise Line
Method of Service -- CM/ECF