# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO. 13-cv-22256-JLK

ANDRES LOSADA, and all others
similarly situated,

      Plaintiff,

v.

NORWEGIAN (BAHAMAS) LTD., d/b/a/
NORWEGIAN CRUISE LINE,

      Defendant.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMARTIVE DEFENSES

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Affirmative Defenses, filed October 10, 2013 (D.E. 13). The Court is fully briefed on the issue.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be granted in part.

## I. BACKGROUND

This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff was briefly hired by Defendant and alleges that, as part of uniform employment policies, Defendant obtained consumer reports from consumer reporting agencies without proper disclosure and/or authorization. Plaintiff alleges Defendant took

---

[1] Defendant filed its Response in Opposition on October 28, 2013 (D.E. 16) to which Plaintiff Replied on October 31, 2013 (D.E. 19).

adverse action against employees without following proper FCRA procedure. Plaintiff now moves to strike the Affirmative Defenses because they are "redundant denials and/or legal arguments, or lack sufficient factual basis."

## II. LEGAL STANDARDS

An affirmative defense is a defense which "admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses. *Home Design Serv. Inc. v. Park Square Enter., Inc.*, 2005 WL 1027370, *7 (M.D.Fla. 2005).

Federal Rule 12(f) allows a party to move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Where an affirmative defense is "no more than bare bones conclusory allegations, it must be stricken." *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla. 2002). However, striking an affirmative defense is generally disfavored because "the courts consider striking a pleading to be a drastic remedy to be resorted to only when required for the purposes of justice." *Exhibit Icons, LLC v. XP Cos., LLC,* 609 F.Supp.2d 1282, 1300 (S.D. Fla. 2009) (internal quotations and citations omitted). An affirmative defense may be stricken if it is insufficient as a matter of law. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently

frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

There is a debate among the district courts as to the pleading requirements for affirmative defenses; no circuit has ruled on this issue.  Federal Rule of Civil Procedure 8(a) requires a pleading that states a claim for relief to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Rule 8(b) requires a response to a pleading to state in short and plain terms its defense and Rule 8(c) requires, "a party must affirmatively state any avoidance or affirmative defense."  The Supreme Court has interpreted Rule 8(a) to require sufficient facts showing relief and "more than labels and conclusions…a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v Twombley*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  The question is: does this heightened pleading standard apply to affirmative defenses?

Some cases hold that the Supreme Court's heightened standards do not apply to affirmative defenses. *See, e.g., Ramnarine v CP CP RE HOLDCO*, 2009-1, LLC, 2013 U.S. Dist. LEXIS 60009 *3-8 (S.D. Fla. Apr. 26, 2013).  *Ramnarine* and the cases discussed therein rely on semantic defenses between Rule 8(a) discussing pleadings and Rules 8(b) and 8(c) applying specifically to defenses.  8(a) says a pleading must "show" why a pleader is entitled to relief whereas 8(b) and (c) require a party to "state" its defense.  This, some courts hold, means that Rule 8 and the *Twombly* standard do not apply to affirmative defenses.

3

Other district court cases hold that affirmative defenses are subject to the pleading requirements of Federal Rule of Civil Procedure 8(a). *See, e.g., Grovenor House, L.L.C. v. E.I. Du Pont De Nemours and Co.,* No. 09–21698–Civ, 2010 WL 3212066, at *1 (S.D.Fla. Aug.12, 2010); *Castillo v Roche Labs. Inc.,* 2010 U.S. Dist. LEXIS 87681(S.D. Fla. Aug. 2, 2010). *Castillo* argues that applying the same standard to defenses as to complaints allows for better parity and fairness in the proceeding. Moreover, such an approach will eliminate boilerplate defenses.

The purpose of an affirmative defense is to give the opposing party notice of an issue so that the party is prepared to properly litigate the issue. *See Hassan v U.S.P.S.,* 842 F.2d 260, 263 (11th Cir. 1988). Affirmative defenses help frame the issues of a case.

After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints. A plaintiff should be given sufficient notice given of the defense asserted and the ground upon which it rests. However, the Court recognizes that a defendant has only 21 days to file its Answer and a plaintiff has up until the statute of limitations has run to file its Complaint. Thus, one cannot demand the same volume of facts as could be required of a Complaint. Nonetheless, the Court finds there should be sufficient facts pleaded in an affirmative defense to show how and why the defense asserted applies to a case.

4

### III. ANALYSIS

*Affirmative Defenses 1 through 4*

Defenses one through four are not affirmative defenses because they do not accept the Complaint as true.  Defense 1 states that Plaintiff cannot establish that Defendant procured a "consumer report."  Defense 2 disputes Plaintiff's facts.  Defense 3 attacks Plaintiff's ability to prove punitive damages.  Defense 4 attacks Plaintiff's ability to prove class certification.  Defenses 1 and 2 also allege Plaintiff has failed to state a cause of action.  Such an assertion is more appropriate in a Motion to Dismiss, which the Court denied in this case prior to the filing of the Answer and Affirmative Defenses. *See* D.E. 11.  None of these defenses accept Plaintiff's allegations and, instead, attack the allegations as untrue and insufficient.

When an affirmative defense is mislabeled and is more properly a denial, the Court should not strike the claim but should treat it as a specific denial. *Ramnarine*, 2013 U.S. Dist LEXIS 60009, *12; *Lugo v Cocozella LLC*, 2012 WL 5986775, *1 (S. D. Fla. Nov. 29, 2012).  Accordingly, defenses 1 through 4 need not be stricken and can be treated as specific denials.

*Affirmative Defense 5*

Defense 5 is a mix of denial and inapplicable defense.  First, it states that it acted in good faith.  Next, it denies Plaintiff's central allegation that Defendant procured a consumer report.  The second statement is simply a denial of Plaintiff's allegations.  The first statement is inapplicable to this case.  As Plaintiff argues in its Motion, even if the

decision to fire Plaintiff was based on a legitimate reason, good faith does not excuse Defendant from failing to obtain Plaintiff's consent in obtaining Plaintiff's consumer report, as required by §1681b(b)(2)(A)(ii).  The FCRA neither requires that a defendant act wilfully or in bad faith nor exempts Defendant if it acted in good faith.[2]  The Court notes Defendant did not respond to this point.  Given that good faith is not an appropriate affirmative defense in the instant case, the Court finds the defense should be stricken with prejudice.

### Affirmative Defense 6

Defense 6 states Defendant is entitled to a set off for any money paid to Plaintiff. Whether or not a set off is an appropriate affirmative defense in the FCRA context is unclear.  The parties do not provide, and the Court has not found, any case law on this issue.  The only case law furnished to the Court is provided by Plaintiff and are cases interpreting Title VII and the NLRA as preventing reduction of back pay damages by the amount of unemployment compensation received.  Given that this area is uncertain, the Court will permit Defendant to plead the affirmative defense.  However, the Defense as currently stated fails to provide sufficient facts.

### Affirmative Defense 7

Defense 7 states Plaintiff failed to mitigate his damages and, so, Defendant is not responsible to the extent Plaintiff could have mitigated.  The Court finds this is an

---

[2] 15 U.S.C. §1681(u) provides a good faith exception when disclosures are made pursuant to an FBI investigation.

appropriate affirmative defense.  However, like Defense 6, Defense 7 contains no facts to support the defense.

## IV. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion to Strike Affirmative Defenses (**D.E. 13**) be, and the same is, hereby **GRANTED IN PART** and:

1.  Affirmative Defenses 1, 2, 3, and 4 shall not be treated as affirmative defenses and shall be treated as specific denials;

2.  Affirmative Defense 5 is stricken with prejudice; and

3.  Affirmative Defenses 6 and 7 are stricken without prejudice to re-plead if Defendant so elects.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this *16* day of December, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    All Counsel of Record